IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIRSTEN E. JOSE, On Behalf of Herself and All Others Similarly Situated, | COLLECTIVE ACTION |
| *Plaintiff*, | CASE NO. 3:21-cv-00269 |
| v. | JUDGE WAVERLY D. CRENSHAW, JR. |
| OLIVER HOSPITALITY, LLC, and CH TENNESSEE, LLC d/b/a Charlestowne Hotels, | JURY DEMAND |
| *Defendants*. | |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

1. Plaintiff Kirsten E. Jose ("Plaintiff") bring this collective action against Defendants Oliver Hospitality, LLC ("Oliver Hospitality") and CH Tennessee, LLC ("Charlestowne Hotels") (or collectively "Defendants"), entities which have employed the bartenders and serves at The Fairlane Hotel in Nashville, Tennessee. Plaintiff brings this collective action to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these FLSA claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Plaintiff also brings a retaliation claim, pursuant to the FLSA, 29 U.S.C. § 215(a)(3), challenging Oliver Hospitality's decision to terminate her employment which was made in response to Plaintiff questioning the legality of Oliver Hospitality's pay practices.

3. During the three-year period preceding the filing of this lawsuit, Defendants have employed dozens, if not hundreds, of bartenders and servers who were paid a tipped hourly rate—

1

*i.e.*, lower than the minimum wage of $7.25 per hour—relying on the "tip credit" provision of the FLSA, 29 U.S.C. § 203(m). Plaintiff asserts that Defendants improperly paid this lower tipped hourly rate to servers because it did not satisfy the requirements to utilize the "tip credit" provision of the FLSA. Specifically, Defendants violated the "tip credit" provisions of the FLSA by requiring their bartenders and servers to spend more than 20% of each shift performing non-tip-producing work tasks at the lower tipped hourly rate. In this lawsuit, Plaintiff seeks to recover all unpaid minimum and overtime wages for herself and those similarly situated bartenders and servers, resulting from Defendants' improper use of the "tip credit" to satisfy the requirements of the FLSA as to them and similarly situated servers as well as an equal amount as liquidated damages.

4. Additionally, Plaintiff alleges that Defendants violated the FLSA by keeping a portion of the tips earned by their servers and bartenders in violation of 29 U.S.C. § 203(m). Specifically, Plaintiff alleges that Defendants regularly and routinely keeps a portion of the tip pool prior to dividing the remainder to the bartenders and servers who earned the tips.

## I. JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

6. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this judicial district.

## II. PARTIES

**A.  Plaintiff**

7. Plaintiff Kirsten E. Jose is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Jose was employed by Defendants as a bartender

from approximately September 2019 to March 2021.

**B.      Defendant**

8.       Oliver Hospitality is a Tennessee limited liability company doing business within this judicial district. Oliver Hospitality owns and operates the The Fairlane Hotel located at 401 Union Street, Nashville TN 37219.

9.       Oliver Hospitality is an entity that has employed all bartenders and servers who have worked at The Fairlane Hotel during the three-year period preceding the filing of this lawsuit.

10.      Oliver Hospitality employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

11.      Oliver Hospitality has at all relevant times been an employer within the meaning of the FLSA.

12.      Charlestowne Hotels is a South Carolina limited liability company that conducted business within this judicial district.  Charlestowne Hotels' registered agent of CT Corporation System located at 300 Montvue Road, Knoxville, TN 37919-5546.

13.      Charlestown Hotels is an entity that employed bartenders and servers who worked at The Fairlane Hotel during the three-year period preceding the filing of this lawsuit.

14.      Charlestowne Hotels employed individuals who are engaged in interstate commerce and/or in the production of good for interstate commerce.

15.      Charlestown Hotels has at all relevant times been an employer within the meaning of the FLSA.

### III. FACTS

16.      Throughout the time period covered by this lawsuit Oliver Hospitality has owned and operated the Fairlane Hotel in Nashville, Tennessee.

17. Throughout the time period covered by this lawsuit, Oliver Hospitality has employed the servers and bartenders who work at the various restaurants and bars in the Fairlane Hotel.

18. From Fairlane Hotel's inception in 2018 to on or about March 2020, Oliver Hospitality contracted with Charlestowne Hotels for management services of the Fairlane Hotel, including the employment of and management of its servers and bartenders.

19. From 2018 through on or about March 2020, Charlestown Hotels jointly employed servers and bartenders who worked at the Fairlane Hotel, including Plaintiff.

20. Plaintiff was employed as a bartender at the Fairlane Hotel from September 2019 through March 2021. Plaintiff was employed jointly by Oliver Hospitality and Charlestown Hotels from September 2019 through on or about March 2020. From on or about March 2020, Plaintiff was just employed by Oliver Hospitality.

**A.  Defendants' Use of the "Tip Credit"**

21. Plaintiff and those she seeks to represent in this action were employed by Defendants as bartenders and servers during the three years preceding the filing of this lawsuit. During the time period from 2018 through on or about March 2020, Defendants jointly employed these similarly situated workers. From on or about March 2020, Oliver Hospitality employed these similarly situated workers.

22. Defendants paid Plaintiff and other bartenders and servers an hourly wage below $7.25. For example, Defendants paid Plaintiff $3.50 per hour.

23. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, Defendants purported to utilize a "tip credit" for each hour worked by Plaintiff and other bartenders and servers. *See* 29 U.S.C. § 203(m). For example, the "tip credit" for Plaintiff was $3.75 for each hour worked when Defendants paid her $3.50 per hour.

4

24. However, because the practices described herein do not meet the statutory requirements of the FLSA's tip credit provision, Defendants impermissibly used the "tip credit" to meet their minimum wage obligations under the FLSA.

25. Thus, Plaintiff and other bartenders and servers were entitled to receive the full $7.25 per hour statutory minimum wage for every hour worked.

**B.**   **Required Non-Tip-Producing Work Paid at Lower Tipped Hourly Rate**

26. Defendants required Plaintiff and other bartenders and servers to spend more than 20% of their time performing non-tip-producing work tasks while being paid the lower tipped hourly rate. The time spent performing this non-tip-producing work only increased after March 2020 when Charletowne Hospitality no longer contracted with Oliver Hospitality to manage the servers and bartenders.

27. A significant amount of this non-tip producing work was performed during hours before or after Defendants' bartenders and servers were assigned customers or tables, or even had an opportunity to earn tips. Such non-tip producing work during these hours included but was not limited to: batching syrups and juices for cocktails; deep cleaning of the restaurant and bar; conducting inventory; ordering liquor and supplies for the bar; setting up events, including arranging furniture and decorations. Plaintiff and similarly situated bartenders and servers were paid at an hourly rate lower than $7.25 for this work.

28. A significant amount of this non-tip producing work was also performed while Plaintiff and those similarly situated bartenders and servers were assigned customers and tables. Such non-tip producing work included but was not limited to rolling silverware, polishing, and washing dishes.

**C.**   **Defendants' Retention of Tips Earned by Bartenders and Servers**

29. Plaintiff and all other similarly situated bartenders and servers were required to pay

their tips into a tip pool that was maintained by Defendants.

30. A portion of the tips paid into this tip pool was kept by Defendants before the remainder was divided among the bartenders and servers who had actually earned these tips. This was both Defendants practice, and impacted Plaintiff and those she seeks to represent throughout the time period covered by this lawsuit.

31. When Defendant Oliver Hospitality ceased it contractual relationship with Charlestowne Hotels in or around March 2020, the practice of keeping employees' earned tip became worse, resulting in even more tips being kept by Oliver Hospitality.

32. Plaintiff routinely raised concerns that she and other bartenders and servers were not paid all the tips that they had earned.

33. Defendant Oliver Hospitality's practice of keeping tips from the bartenders' and servers' tip pool became so egregious in December 2020 that Plaintiff requested to meet with management to determine the amount of tips that had been withheld from her pay.

**D.  Defendant Oliver Hospitality's Retaliatory Actions Directed at Plaintiff**

34. As early as May 2020 and more routinely beginning in November 2020, Plaintiff raised issues of concern with Defendant Oliver Hospitality's management that she was not paid the hourly wage she had been promised.

35. Defendant Oliver Hospitality refused to address Plaintiff's complaint that she was not paid the tips she had earned pursuant to the agreed upon tip pool.

36. After Defendant Oliver Hospitality's repeated refusals to address the issues raised by Plaintiff concerning the earned tips she was denied, Plaintiff determined that she could no longer work for an employer who would not ensure that she would receive all tips she earned.

37. In response to Plaintiff raising concerns about her hourly wage and the tips that

Defendant Oliver Hospitality was keeping, Defendant Oliver Hospitality's management badgered and complained about Plaintiff's job performance and attitude.

38. One member of Defendant Oliver Hospitality's management, Sondra Richardson, even responded to Plaintiff's concern that she "just needed to be a team player" and told Plaintiff that Defendant Oliver Hospitality was "not afraid to clean house."

39. In a March 18, 2021 email, Plaintiff referenced the issues she had raised for several months and notified Defendant Oliver Hospitality that she intended to end her employment with Defendant in two weeks following the email.

40. Following her March 18, 2021 email, Plaintiff continued to try to address the pay discrepancies with Defendant Oliver Hospitality's management. Instead of addressing her concerns or determining the amount Plaintiff was owed, Defendant Oliver Hospitality terminated her employment on March 25, 2021.

## IV. COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff asserts their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following individuals:

> All current and former bartenders and servers employed by Defendants at The Fairlane Hotel at any time since April 1, 2018.

42. Plaintiff's claims should proceed as a collective action because Plaintiff and other similarly situated servers, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS
### OF THE FLSA'S TIP CREDIT PROVISIONS

43. All previous paragraphs are incorporated as though fully set forth herein.

7

44. Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

45. Plaintiff and similarly situated bartenders and servers were employees of Defendants entitled to the FLSA's protections.

46. Defendants are each employers covered by the FLSA.

47. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

48. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

49. Restaurants forfeit the tip credit when they require their tipped employees—such as Defendants' servers—to share tips with the employer. 29 U.S.C. § 203(m).

50. By taking tips that bartenders and servers had earned, Defendants forfeited their right to utilize the "tip credit" in satisfying their minimum wage obligations to Plaintiff and similarly situated bartenders and servers. As such, Defendants violated the FLSA's minimum wage mandate by paying Plaintiff and similarly situated bartenders and servers an hourly wage below $7.25 for regular hours worked.

51. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Defendants' servers—spend more than 20% of their shift performing non-tip-producing work. Similarly, restaurants may not utilize the tip credit when their tipped employees—such as Defendants' servers—spend large amounts of time performing non-tip-

8

Case 3:21-cv-00269   Document 13   Filed 04/28/21   Page 8 of 14 PageID #: 59

producing work because they are considered to be working in an entirely separate, "dual job" and are not "tipped employees." *See* 29 C.F.R. § 531.56(e).

52. By requiring Plaintiff and similarly situated bartenders and servers to spend more than 20% of their shift performing non-tip-producing work and to work "dual jobs" before serving any tables and after all of their service obligations are finished, Defendants have forfeited their right to utilize the "tip credit" in satisfying their minimum wage obligations to Plaintiff and similarly situated bartenders and servers. As such, Defendants have violated the FLSA's minimum wage mandate by paying Plaintiff and similarly situated bartenders and servers an hourly wage below $7.25 for regular hours worked.

53. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE OVERTIME REQUIREMENTS
## OF THE FLSA'S TIP CREDIT PROVISIONS

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

56. Plaintiff and similarly situated bartenders and servers are employees of Defendants entitled to the FLSA's protections, including the overtime protections.

57. Defendants are each employers covered by the FLSA.

58. The FLSA entitles employees to an overtime hourly wage of $10.88 for every hour worked over forty (40) in a workweek. 29 U.S.C §§ 206(a), 207.

59. While restaurants may utilize a "tip credit" to satisfy their overtime wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not

met. *See* 29 U.S.C. §§ 203(m) and 203(t).

60. Restaurants forfeit the tip credit when they require their tipped employees—such as Defendants' servers—to share tips with the employer. 29 U.S.C. § 203(m).

61. By taking tips that bartenders and servers had earned, Defendants forfeited their right to utilize the "tip credit" in satisfying their overtime wage obligations to Plaintiff and similarly situated bartenders and servers. As such, Defendants violated the FLSA's overtime wage mandate by paying Plaintiff and similarly situated bartenders and servers an hourly wage below $7.25 for regular hours worked.

62. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Defendants' servers—spend more than 20% of their shift performing non-tip-producing work. Similarly, restaurants may not utilize the tip credit when their tipped employees—such as Defendants' servers—spend large amounts of time performing non-tip-producing work because they are considered to be working in an entirely separate, "dual job" and are not "tipped employees." *See* 29 C.F.R. § 531.56(e).

63. By requiring Plaintiff and similarly situated bartenders and servers to spend more than 20% of their shift performing non-tip-producing work and to work "dual jobs" before serving any tables and after all of their service obligations are finished, Defendants forfeited their right to utilize the "tip credit" in satisfying their overtime wage obligations to Plaintiff and similarly situated bartenders and servers. As such, Defendants violated the FLSA's overtime wage mandate by paying Plaintiff and similarly situated bartenders and servers an hourly wage below $7.25 for regular hours worked.

64. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### COUNT III
### VIOLATION OF THE FLSA'S PROHIBITION OF EMLOYERS KEEPTING THEIR EMPLOYEES' EARNED TIPS

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

67. Plaintiff and similarly situated bartenders and servers are employees entitled to the FLSA's protections.

68. Defendants are each employers covered by the FLSA.

69. Defendants required Plaintiff and their other bartenders and severs to pay their tips into a tip pool that was maintained by Defendants.

70. Defendants kept a portion of the tips earned by bartenders and servers prior to dividing up the remaining funds between the bartenders and servers.

71. Plaintiff seeks to recover, for herself and all other servers who join this litigation, the tips earned by them that Defendants improperly retained and an equal amount as liquidated damages. 29 U.S.C. § 216(b).

### COUNT IV
### VIOLATION OF THE FLSA'S ANTI-RETALIATION PROVISION

72. All previous paragraphs are incorporated as though fully set forth herein.

73. Beginning in December 2020, Plaintiff routinely raised issues of concern with Defendant Oliver Hospitality's management that she and other bartenders and severs were not paid all of the tips that they earned.

74. As early as May 2020 and more routinely beginning in November 2020, Plaintiff

raised issues of concern with Oliver Hospitality's management that she was not paid the hourly wage she had been promised.

75. In response to Plaintiff raising concerns about her hourly wage and the tips that Oliver Hospitality was keeping, Oliver Hospitality's management badgered and complained about Plaintiff's job performance and attitude.

76. One member of Oliver Hospitality's management, Sondra Richardson, even responded to Plaintiff's concern that she "just needed to be a team player" and told Plaintiff that Oliver Hospitality was "not afraid to clean house."

77. Ultimately, in retaliation for Plaintiff raising these concerns, Oliver Hospitality terminated Plaintiff's employment in March 2021.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C. A finding that Defendants have violated the FLSA;

D. A finding that Defendants' FLSA violations are willful;

E. A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for all unpaid and underpaid minimum and overtime wages that Defendants have failed and refused to pay in violation of the FLSA;

F. A judgment against Defendants and in favor of Plaintiff and all similarly situated

employees for all tipped monies they earned that were improperly kept by Defendants, in violation of the FLSA;

G. A finding and judgment against Defendant Oliver Hospitality and in favor of Plaintiff that Defendant Oliver Hospitality violated the FLSA by retaliating against Plaintiff, providing Plaintiff with compensation and available equitable relief for its retaliatory actions;

H. Prejudgment interest to the fullest extent permitted under the law;

I. Liquidated damages to the fullest extent permitted under the FLSA;

J. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

K. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: April 28, 2021

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this *First Amended Collective Action Complaint* was filed electronically with the Clerk's office by using the CM/ECF system and will be served via certified mail on the registered agent for Defendant Oliver Hospitality as listed below on April 28, 2021:

OLIVER HOSPITALITY, LLC
c/o Registered Agent
Philip Welker
401 UNION ST FL 2
NASHVILLE, TN 37219-1701 USA

                                      /s/ David W. Garrison
                                      DAVID W. GARRISON
                                      **BARRETT JOHNSTON**
                                              **MARTIN & GARRISON, LLC**